UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBBY WELCH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| JAMES HERNANDEZ, W/C Adjuster, | § | |
| FROZEN FOOD ENTERPRISE | § | SA-06-CA-0995 FB |
| CONWELL LLC (FFE), | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING JURISDICTION

**TO:**   Hon. Fred Biery
        United States District Judge

   This memorandum addresses jurisdiction in this case.  The District Court referred this case to me on November 17, 2006.[1]  The District Court's order referred all pretrial maters to me for disposition by order or to aid the District Court by recommendation where my authority as a Magistrate Judge is statutorily constrained.  I have jurisdiction to enter this memorandum and recommendation under that order and 28 U.S.C. § 636(b).

   On November 14, 2006, plaintiff Robby Welch moved to proceed in forma pauperis in this case.[2]  I granted Welch's motion on November 21, 2006 and directed the United States District Clerk to file Welch's complaint.[3]  Welch's complaint named Frozen Food Enterprise and

---

   [1]*See* docket entry # 2.

   [2]*See* docket entry # 1.

   [3]*See* docket entry # 3.

James Hernandez as defendants.[4]  In the complaint, Welch stated that he was previously employed by Frozen Food Enterprise, he sustained an on-the-job injury, he was placed on disability status, and Hernandez denied his request for continued medical treatment.  The complaint did not identify Welch's claims against Frozen Food Enterprise and Hernandez, the relief Welch seeks, or the legal basis for Welch's claims.  As a result, the face of the complaint does not reflect federal court jurisdiction over Welch's claims.

Because jurisdiction is not apparent from the face of the complaint, I issued an order explaining the possible bases for federal court jurisdiction and directing Welch to show cause why this case should not be dismissed for lack of jurisdiction.  Welch responded on November 29, 2006 and stated, "[t]he jurisdiction of this court is invoked pursuant of 42 USC 2000e, 42 USC 1983, 28 USC 1331."[5]

Section 2000e of Title 42 does not provide a basis for federal court jurisdiction because that provision does not provide for a cause of action.  Instead, that provision defines terms that apply in federal employment discrimination claims.  Claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, however, ordinarily invoke federal court jurisdiction.  A federal court has jurisdiction over controversies involving questions of federal law under 28 U.S.C. § 1331.  Section 1983 of Title 42 provides for a private cause of action against a governmental entity for the violation of civil rights.  Welch's complaint, however, does not name a governmental entity as defendant and does not complain about the violation of civil rights.  Instead, Welch complains in his response about the cessation of workers' compensation benefits.[6]

---

[4]*See* docket entry # 4.

[5]*See* docket entry # 6 at ¶ 1.

[6]*See id.* ¶ 3.

In Texas, workers' compensation is provided for under the Texas Workers' Compensation Act.[7] Thus, a claim relating to that act raises a question of state law, not federal law. A federal court does not have jurisdiction over questions of state law in the absence of original jurisdiction.[8] Because original jurisdiction is not present in this case, no basis exists for jurisdiction over Welch's claims.

## Recommendation

For the reasons discussed above, I recommend that the District Court dismiss this case for lack of jurisdiction.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[9] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or

---

[7] The Texas Workers' Compensation Act is codified in the Texas Labor Code beginning at Chapter 401. The act is available at the web site for the Texas Department of Insurance Division of Workers' Compensation at: http://www.tdi.state.tx.us/wc/indexwc.html.

[8] *See* 28 U.S.C. § 1367.

[9] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[10] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[11]

**SIGNED** on December 5, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[11]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).